THE THOMAS MELVILLE.[1]

WINDMULLER *et al. v.* THE THOMAS MELVILLE.

LEVY *et al. v.* SAME.

*(Circuit Court, S. D. New York. March 16, 1888.)*

1. ADMIRALTY—APPEAL—REVIEW.
    The action of the district court in refusing to consider damage to a cargo of prunes from coal-dust, because not properly pleaded, is subject to review on appeal to the circuit court.

2. SAME—AMENDMENT ON APPEAL.
    The libel to recover for damage to a shipment of prunes charged an unsafe and unseaworthy condition of the vessel, so that her decks leaked, and also want of proper care, insufficient dunnage, and improper stowage. The main damage was caused by sea water, but some of the cases had been penetrated by coal-dust. This last element of damage was not referred to in the libel. It came up, however, in dealing with insurers, and some few questions were asked about it in libelant's depositions, but it was not insisted upon until the trial, more than three years after the arrival of the ship, and long after respondent's depositions had been concluded, and the goods had been sold and taken away beyond the reach of examination. *Held*, that libelant was not entitled to file a new or amended libel in the circuit court on appeal, under rules of the circuit court, Southern district of New York, No. 131, providing for the exhibition, without leave, of "new allegations," etc.

3. SAME—STRIKING NEW ALLEGATIONS FROM THE FILES.
    Rules of the circuit court, Southern district of New York, No. 130, provides that if the appellee shall have any cause to show why new allegations (filed without leave, under rule No. 131) or proofs should not be offered, or new relief prayed on the appeal, he shall give four days' notice thereof, * * * and such cause shall be shown within the first two days of the term; otherwise the appeal shall be allowed according to its terms." *Held*, that the circuit court had power under the rule to strike the "new allegations" from the files on motion.

Appeal from district court.

[1] Affirming 31 Fed. Rep. 486.

In Admiralty.   On motion to strike amended libels.

Libels to recover damages to a cargo of prunes shipped by the libelants on board the Thomas Melville, at Trieste.   The main damage was caused by sea water, but a portion of the packages had coal-dust on the outside, which seems to have penetrated some of the cases.   This latter element of damage was not referred to in either libel as a separate cause of action. Some reference was made to it in dealing with the insurers, and a few questions asked about it in libelant's depositions taken in 1883, but it was not set up as a distinct claim until the trial, more than three years after the arrival of the ship, long after respondent's depositions had been completed, and the goods had been sold and taken away beyond the reach of examination.   The district court refused to allow the libels to be amended so as to include this cause of action.   There was a decree dismissing both libels with costs, and libelants took this appeal.   See 31 Fed. Rep. 486.

*John Berry* and *Wilcox, Adams & Macklin,* for appellants.

*E. B. Convers,* for appellee.

LACOMBE, J.   If the district court erred in not considering the coal-dust damage as not properly pleaded, such error may be reviewed in this court upon appeal.   If the appellant wishes to put himself in a better position by amending his pleading, the same reasons which induced the district court to refuse him such leave seem, upon examination of the affidavits and papers, sufficient to induce this court to deny him that relief.   He has filed an amended, or, as he calls it, a "new" libel, without leave, under rule 131, which provides that "if new allegations are to be made * * * in this court, then the libelant * * * shall exhibit in this court a libel, on oath, within ten days, to which the adverse party shall, in twenty days, answer on oath, subject in each case to extension; * * * and on default the court will make" a proper order for the final disposition of the case.   Appellee moves to strike this libel from the files.   In support of his motion he refers to rule 130, which provides that if the appellee "shall have any cause to show why new allegations or proofs should not be offered, or new relief prayed on the appeal, he shall give four days' notice thereof, * * * and such cause shall be shown within the first two days of the term; otherwise the appeal shall be allowed according to its terms."   Upon the merits this court is satisfied that good cause is shown against there being now presented any new allegations as to the damage from coal-dust.   It is true that no leave is asked to present new allegations, and that rule 130 does not expressly provide for striking the new libel from the files, but it would be a senseless practice which would incumber the case on appeal with allegations which the court would not consider upon the argument.   In the absence, therefore, of any authority,—and none is cited, —holding that this court may not strike the amended or new libel from the files, the motion is granted.